988

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD BROWN, Appellant, v. W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— The defendant-appellant appeals from an order of the County Court, Clinton County, dismissing his writ of habeas corpus. It appears that the defendant's attorney moved upon his trial for an examination of the defendant's mental condition, but that such motion was denied and the case went to the jury, which convicted the defendant. Thereafter, when the defendant duly appeared for sentencing he was asked the question pursuant to section 480 of the Code of Criminal Procedure " and his attorney answering in the affirmative, and the court having ruled that there is no legal cause ". In essence it is argued by defendant that he was in effect not asked the question under section 480, because he was not then mentally competent to understand it. However, it appears that his attorney did answer the question for him, and if the attorney specifically objected upon the ground that defendant was mentally incompetent, then the matter was finally disposed of by the appeal in the original case. (*People* v. *Brown,* 5 A D 2d 871.) Subsequently he applied for a writ of error *coram nobis,* which was denied. Upon appeal the court stated: " The ground now urged was previously considered by the court on a prior appeal from the judgment of conviction, which this court affirmed." (*People* v. *Brown,* 11 A D 2d 731.) The defendant was represented by counsel and since such counsel did actually answer, section 480 was substantially complied with and there is no showing that the court did not have jurisdiction to sentence this prisoner. The question of his sanity has been finally determined by the original appeal above referred to and cannot now be considered by a petition for a writ of habeas corpus. From the record before us, we are unable to find any evidence of the alleged insanity of the defendant. After he was found guilty by the jury of the charges contained in the indictment, when arraigned upon information pursuant to section 1943 of the Penal Law, he remained mute and was thereafter tried on the issue of his identification. It further appears that he knew what questions to answer in his own best interest and which questions not to answer. It is interesting to note the answers or lack thereof as to his pedigree. Likewise, when asked if he waived two-day notice of sentence, he gave no answer, resulting in his being remanded for two additional days before sentence. We find no merit to the contentions sought to be raised. Order unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.